## STEEL SANITARY CO v PANGBORN CO

Ohio Appeals, 5th Dist, Stark Co

No 1091. Decided Oct. , 1930

Hart, Koehler, Blumensteil & Strong, Alliance, for Steel Sanitary Co.

Lynch, Day, Pontius & Lynch, Canton, for Pangborn Co.

JUSTICE, J. (9th Dist) sitting in place of HOUCK, J.

LEMERT, J.

Without entering into a lengthy discussion of the claimed errors in this case, suffice it to say that an examination of the record discloses that this action was based upon a contract hereinbefore referred to. The prayer of the petition is for judgment for the contract price. To this petition Steel Sanitary filed an answer and cross petition. The answer contained two defenses, the first of which was a general denial, and the second defense was based upon what might be termed an implied war-

ranty of fitness for a certain or particular purpose and the cross petition was based upon an implied warranty or quality of fitness for a particular purpose. So the questions present themselves

1—Did the pleading sound in contract or tort? Or, in other words, was it based upon an implied warranty of fitness for a special purpose, or upon fraud, etc?

2—If upon an implied warranty of fitness for a particular purpose could there be such an implied warranty in connection with a contract of the type involved in this case?

The Court below held that under the settled law in Ohio there was no implied warranty of fitness in connection with a contract of the type involved in this case and also decided that the answer and cross petition were based upon an implied warranty and not upon fraud, and the trial proceeded upon that theory.

Steel Sanitary asked leave to amend its answer and cross petition to change the defense and cause of action from one in contract based upon implied warranty to one sounding in tort based upon alleged fraud. The Court refused to permit such an amendment and we think properly so. We think this question has been fully settled by the Supreme Court of the United States in the 141 U. S. 310; which sets forth the following doctrine:

"When a contract is couched in terms which import a complete legal obligation with no uncertainty as to the object or extent of the engagement it is, in the absence of fraud, accident or mistake, conclusively to be presumed that the whole engagement of the parties and the extent and manner of their undertaking were reduced to writing. Whether a written contract fully expressed the terms of the agreement between the parties was a question for the Court and silence on that point that might have been embodied in it does not open the door to parol evidence in that regard."

The Court of Cuyahoga County in 20 C.C. N.S. 279, also supports this theory and doctrine.

On the second proposition of error urged in this case, we find and note that the second defense set forth in Steel Sanitary's answer and the cause of action set forth in the cross petition were based upon an alleged implied warranty of fitness for a particular purpose and under the settled rule in Ohio, and elsewhere, where the subject matter involved in the contract is known,

definite and described, there is no such implied warranty of fitness for any particular purpose.

The question then here presents itself. Can an implied warranty be raised in connection with a contract for the manufacture and sale of machinery which is described with great definiteness and par before set forth? We note that the equipment to be furnished by Pangborn was described with great definiteness and particularity; that blue prints were submitted to Steel Sanitary on different occasions and the final details of the equipment were worked out according to the suggestions of the officials of Steel Sanitary.

We therefore believe it to be the law of this State and other jurisdictions that where articles which are the subject matter of a contract are known, definite and described, the purchaser assumes all responsibility for the use of such articles for any purpose which he intends them to be used and this rule obtains notwithstanding the fact that he may have indicated to the seller the use to which the articles were to be put.

A very helpful authority on this proposition is to be found in Williston on Sales, Vol. 1 Sec. 236. It has been held in 137 Fed. page 332, that no implied warranty of fitness arises out of a contract to make or supply a described and definite article although the vendor knows that the vendee is purchasing it to accomplish a specific purpose, because the essence of the contract is the delivery of the specific articles and not the accomplishment of the purpose.

24 Fed. Sec. 524, it is held that where the subject of a written contract of sale is a definite, described article there is no implied warranty that it will accomplish the purpose for which the purchaser bought it, although such purpose is known to the seller.

So that on a further consideration of the amendment to Pangborn's petition, which was permitted by the trial Court we believe was entirely proper, while the attempt made by Steel Sanitary to change its defense and cause of action in its cross petition from one sounding in contract to one in tort, is contrary to the amendment statute in this state and to the interpretations thereof by the various Courts and was therefore, we believe, properly refused by the trial Judge. The statute controlling such matters is 11363 GC. It will be noticed by careful examination of this statute that by its express language, the statute permits only

such amendments which do not substantially change the claim or defense.

Our Supreme Court has very nicely treated this matter in **105 OS 331.**

Exhaustive and voluminous briefs have been presented by counsel in this case and after examining them thoroughly we find that there is only one issue in this case raised by the pleadings and that was the matter of the interpretation of the contract.

Therefore, from a careful examination of all the record, the pleadings and the bill of exceptions in this case, we find and believe that the Court below was unusually careful in determining the issue raised by the pleadings and that the Court was liberal to Steel Sanitary in his final interpretation of the terms of the contract and in the admission and exclusion of testimony bearing upon the meaning and language of the contract.

We find and believe from an examination of the whole of the record that both parties in this lawsuit had a fair and square trial and that there is no prejudicial error therein. The finding and judgment of the Court below will be and the same is hereby affirmed.

Exceptions may be noted.

Sherick, J, and Justice, J, concur.