NICKLES, APPELLANT, *v.* FENNER & BEANE, APPELLEE.

(Decided February 3, 1938.)

*Mr. John F. Locke,* for appellant.
*Mr. W. H. Vodrey,* for appellee.

LEMERT, J. This is an action for breach of contract brought by a customer against his broker for the al-

leged wrongful sale of certain commodities, purchased on margin.

The cause was tried in the Court of Common Pleas of Stark county, Ohio, the jury returned a verdict for defendant, and the court overruled a motion for a new trial and entered judgment on the verdict in favor of defendant.

The matter is before this court upon appeal on questions of law.

From an examination of the record in this case it is plain and clear that this is an action for breach of contract for an alleged wrongful sale—in other words, this action sounds in contract and not in tort. The contract, which controls in this case and is an exhibit to the amended petition, provided that the defendant might sell plaintiff's commodities without notice to plaintiff whenever, in the exercise of defendant's judgment, such action became necessary for defendant's protection, and that prior notice from defendant to plaintiff should not be a waiver of defendant's rights to so sell.

The court charged the jury that this was a valid contract, upon which defendant could rely if it acted in good faith.

The jury by its verdict found that the defendant acted in good faith in selling the commodities. Therefore there could not be any duty owed by defendant to plaintiff thereafter other than settlement of the account, which was done.

The court instructed the jury that on the issue of good faith there was a dispute in the testimony which was material and which they should consider in determining the issue; namely, whether the plaintiff deposited the margin, in the amount of $2,300, thirty-five minutes prior to the opening of the Chicago Exchange, as plaintiff claims, or five minutes prior, as defendant claims.

The jury, by its verdict, must have found in favor of the defendant and that the five minute interval was not sufficient to affect defendant's good faith in selling plaintiff's commodities.

The record discloses that the New York Stock Exchange opened at 10 a. m., eastern daylight time, or 9 a. m., eastern standard time, and the Chicago Board of Trade opened at 10:30 a. m., eastern daylight time, or 9:30 a. m., eastern standard time. Testimony of the defendant was uncontradicted that during the period from 9:30 a. m. to 10:30 a. m., eastern daylight time, being the half hold period before each of these markets opened, defendant's wires were extremely congested due to the flood of orders in a falling market. The jury found that five minutes before the opening of the Chicago Board of Trade was too late for plaintiff to deposit his money and expect the defendant to hold plaintiff's commodities.

It is to be observed in this case that the plaintiff below attempted to change or convert this case from one in contract to one in tort and argues that it was prejudicial error to fail to instruct the jury on the diligence or standard of care required of defendant to plaintiff in transmitting a telegram. This, of course, would change the action from one of breach of contract to one of tort for negligence in transmitting a telegram. Plaintiff at no time attempted to amend the amended petition to state a case in tort for negligence in transmitting the telegram. However, if such amendment had been asked, it could not have availed the plaintiff anything, as it would have been in violation of Section 11363 of the General Code.

On the question of changing the nature of the action, this court, sitting in Stark county, Ohio, in the case of *Steel Sanitary Co.* v. *Pangborn Corp.,* 38 Ohio App., 65, 175 N. E., 615, decided in 1930, held:

"Defendant could not change defense and cause of

action in cross-petition, from one sounding in contract to one sounding in tort."

Plaintiff claims that the court erred in giving the wrong rule of damages. We have to say that this point is now immaterial since the verdict of the jury in favor of defendant is a finding that there was no liability and consequently there could be no damages.

Plaintiff further claims that the court should have charged the New York rule instead of the Ohio rule. It is well settled that in an action in Ohio the law of a sister state is a question of fact, to be pleaded and proved. *Williams* v. *Finlay,* 40 Ohio St., 342. See also Section 11499, General Code.

We are of the opinion that the Ohio rule was correctly charged by the court, since the contract in question was made and to be performed in Ohio. A contract was made in the Canton office of Fenner & Beane Company offering to plaintiff the services of defendant as broker, which offer plaintiff accepted in writing, as shown by the contract, dated March 16, 1933, which is an exhibit attached to the amended petition.

So that, from a careful examination of the whole record in this case, we find that there is no prejudicial error therein; and it follows that the judgment of the Court of Common Pleas will be and the same is hereby affirmed.

*Judgment affirmed.*

MONTGOMERY, P. J., and SHERICK, J., concur.